UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
WASHINGTON FERREIRA DOS SANTOS,     )
                                    )
              Petitioner,           )
                                    )
v.                                  )   Civil Action
                                    )   No. 25-cv-13075-PBS
PATRICIA HYDE, Acting Director      )
Of Boston Field Office, U.S.        )
Immigration and Customs             )
Enforcement, et al.,                )
                                    )
                                    )
              Respondents.          )
_____)

**ORDER**

November 3, 2025

Saris, J.

    Petitioner Washington Ferreira dos Santos ("Petitioner"), a citizen of Brazil, brings this habeas petition under 28 U.S.C. § 2241 to challenge his immigration detention without a bond hearing. Petitioner entered the United States without inspection in June 2021. After being apprehended and released soon after, he was "at liberty in the United States for over four years" until again being detained. Dkt. 1 at 2. Petitioner is currently detained at the Plymouth County Correctional Facility in Massachusetts.

    The parties disagree as to whether Petitioner is subject to discretionary detention with the right to a bond hearing under 8 U.S.C. § 1226(a) or mandatory detention without a bond hearing

under 8 U.S.C. § 1225(b)(2)(A). In the government's view, § 1225(b)(2)(A) governs Petitioner's detention because, although he was detained while residing in the United States, he was never admitted to the country and remains an "applicant for admission." The Court recently rejected this argument about the scope of § 1225(b)(2)(A) in Guerrero Orellana v. Moniz, __ F. Supp. 3d __ (D. Mass. 2025) [2025 WL 2809996]. The government concedes that "[s]hould the Court apply the reasoning of Guerrero Orellana, it would reach the same result here." Dkt. 10 at 3. The Court sees no reason to deviate from its prior ruling on this issue. For the reasons stated in Guerrero Orellana, the Court concludes that Petitioner is detained under § 1226(a), not § 1225(b)(2)(A), and may seek release from custody at a bond hearing in immigration court.

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** that the government release Petitioner unless he is provided with a bond hearing that complies with the standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven business days of the date of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge